FILED
SUPERIOR COURT
OF GUAM

2020 NOV -6 PM 12: 56

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ROSALIA U.G. PANGELINAN, | Civil Case No. CV0301-20 |
| Plaintiff, | |
| v. | DECISION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION TO STRIKE |
| F. RANDALL CUNLIFFE as TRUSTEE OF THE DONGO TRUST, and DOES 1-20, INCLUSIVE, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III upon submission of Plaintiff Rosalia U.G. Pangelinan's ("Plaintiff's") Motion to Strike Affirmative Defenses ("Motion"). Attorney Jacques G. Bronze represents Plaintiff, and Attorney Joseph C. Razzano represents Defendant F. Randall Cunliffe as Trustee of the Dongo Trust ("Defendant"). Having duly considered the parties' briefs and the applicable law, the Court now issues the following Decision and Order and **GRANTS IN PART** Plaintiff's Motion.

## BACKGROUND

Plaintiff filed the instant action on March 16, 2020, asserting causes of action of quiet title and accounting against Defendant. *See* Compl. at 6-7. Defendant filed his Answer, asserting a number of affirmative defenses along side its answer to the allegations in the complaint. *See* Answer (June 25, 2020).

Plaintiff then filed the instant Motion, seeking to strike Defendant's affirmative defenses. Plaintiff asserts that the Court should strike Defendant's affirmative defenses as "lacking fair notice

Decision and Order Granting in Part Plaintiff's Motion to Strike
CV0301-20, *Pangelinan v. F. Randall Cunliffe as Trustee of the Dongo Trust*
Page **1** of **5**

or being legally insufficient." Mot. at 5. Defendant opposed the Motion, arguing his affirmative defenses provide sufficient notice of the defense to Plaintiff. Opp'n to Mot. to Strike or in the Alternative Mot. for Leave to Amend Answer ("Opposition") at 5-11 (Aug. 11, 2020). In the alternative, should the Court find Defendant's affirmative defenses insufficient, Defendant asks the Court for leave to amend its answer to comply with the Court's findings. Opp'n at 9. Plaintiff replied, asserting that Defendant's affirmative defenses are insufficient and that Defendant should not be granted leave to amend his answer. Reply to Opp'n to Mot. to Strike or, in the Alternative, Mot. for Leave to Amend Answer ("Reply") at 5, 11 (Aug. 28, 2020).

The parties submitted a stipulation for the Court to decide this matter on the briefs. *See* Stipulation (Sep. 9, 2020). The Court then took the matter under advisement on that date.

## DISCUSSION

Upon motion by any party, "the court may order striken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Guam Rule of Civil Procedure ("GRCP") 12(f). "The function of a 12(f) motion to strike is to avoid expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)). The Court finds that ten of Defendant's affirmative defenses are immaterial to the instant action and that those affirmative defenses which are material are not sufficiently pled.

### I.    Ten of Defendant's Affirmative Defenses are Immaterial to the Instant Action

"Matter is immaterial if it has no essential or important relationship to the claim for relief pleaded." *McArdle v. AT&T Mobility LLC*, 657 F. Supp. 2d 1140, 1149 (N.D. Cal. 2009) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). Among Defendant's affirmative defenses are the defenses of: "Plaintiff's prior knowledge," "Plaintiff's acquiescence," "Defendant has acted in good faith," "Plaintiffs own negligence, assumption of risk, license . . . statute of frauds . . . want or failure of consideration, accord and satisfaction, [and] payment." Answer at 3-4.

Plaintiff's claims involve conveyances of property jointly owned by Plaintiff and her deceased husband in violation of 19 G.C.A. § 6106(a). The crux of Plaintiff's claims are that her

Decision and Order Granting in Part Plaintiff's Motion to Strike
CV0301-20, *Pangelinan v. F. Randall Cunliffe as Trustee of the Dongo Trust*
Page **2** of **5**

deceased husband unilaterally conveyed the properties without Plaintiff. This, she alleges, voids the conveyances under Section 6106(a). The aforementioned affirmative defenses are immaterial to whether Plaintiff jointly transferred the properties with her deceased husband. The statute contemplates both spouses joining in any transfer or conveyance, and Plaintiff's "prior knowledge," for example, does not render the conveyance valid under the statute. The same can be said for the remaining nine affirmative defenses listed above.

Therefore, the Court finds that the ten affirmative defenses listed herein are immaterial to the instant action and **ORDERS** that they be stricken pursuant to GRCP 12(f).

**II.    The Remainder of Defendant's Affirmative Defenses are not Sufficiently Pled**

"The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (citing *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957)). The Guam Supreme Court has held that the standard in *Conley* is applicable to pleading requirements on Guam. *See Ukau v. Fusheng Wang*, 2016 Guam 18 ¶ 32. Defendant's remaining affirmative defenses include: "fails to state a claim upon which relief can be granted," equitable defense of laches," "waiver," "estoppel," "Plaintiff's execution of a power of attorney pursuant to 19 G.C.A. § 6106(b)," "fraud . . . statute of limitations . . . release, and res judicata." Answer at 3-4. These affirmative defenses only include recitations of the legal defenses without providing further context or explanation.

Defendant's assertion that Plaintiff's Complaint fails to state a claim upon which relief can be granted fails to suggest the insufficiency within the Complaint. Defendant fails to provide the statute of limitations which bars Plaintiff's claims. Defendant fails to give any explanation as to how the defenses of laches, waiver, estoppel, power of attorney execution, release, and res judicata bar Plaintiff's claims. Defendant further fails to give any details regarding the defense of fraud. "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." GRCP 9(b). The bare allegation of fraud is insufficient; there must be particular facts supporting such a claim.

While Defendant need not plead every fact in support of its defense, Defendant is required to meet the bare minimum of "fair notice of the defense" to Plaintiff. The Court finds that these

Decision and Order Granting in Part Plaintiff's Motion to Strike
CV0301-20, *Pangelinan v. F. Randall Cunliffe as Trustee of the Dongo Trust*
Page 3 of 5

defenses, while potentially material to the instant action, do not provided "fair notice of the defense" to Plaintiff. The Court **ORDERS** that these affirmative defenses be stricken. However, the Court, as explained in Section III below, **GRANTS** Defendant's request for leave to amend their affirmative defenses pursuant to GRCP 15.

**III.     The Court grants Defendant's request for leave to amend their affirmative defenses.**

Defendant requests that "If the Court is inclined to strike Defendant's affirmative defenses, Defendant requests for leave to amend his Answer pursuant to GRCP 15(a)." Opp'n at 9. "GRCP 15 allows for amendment to pleadings 'by leave of the court or by written consent of the adverse party' and states that 'leave shall be freely given when justice so requires.'" *M Elec. Corp. v. Phil-Gets (Guam) Int'l Trading Corp.*, 2016 Guam 35 ¶ 41. Leave to amend should be freely granted absence findings of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (interpreting GRCP 15's federal counterpart).

The Court finds that the present circumstances warrant leave to amend. There is no indication that Plaintiff is seeking leave based on undue delay, bad faith, or dilatory motive. This is Plaintiff's first request for leave to amend his Complaint. This case is in the early stages of litigation as Defendant has not yet filed an answer. The amendments sought should cure the deficiencies in the affirmative defenses as explained in Section II.

Therefore, the Court **GRANTS** Defendant's request for leave to amend their affirmative defenses pursuant to GRCP 15.

**CONCLUSION**

For the reasons stated above, the Court **GRANTS IN PART** Plaintiff's Motion. The Court **ORDERS** that the following affirmative defenses be stricken from Defendant's Answer: Affirmative Defenses 6, 7, and 8 in whole, and Affirmative Defense 9 in part, striking the defenses of negligence, assumption of risk, license, statute of frauds, want or failure of consideration, accord and satisfaction, and payment. The Court **FURTHER GRANTS** Defendant's request for leave to amend all remaining affirmative defenses to comply with the fair notice requirements explained

Decision and Order Granting in Part Plaintiff's Motion to Strike
CV0301-20, *Pangelinan v. F. Randall Cunliffe as Trustee of the Dongo Trust*
Page **4** of **5**

above. The Defendant shall have 20 calendar days from the date of this judgment to file an amended answer pursuant to GRCP 15.

**IT IS SO ORDERED** this November 6, 2020.



_____

**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Granting in Part Plaintiff's Motion to Strike
CV0301-20, *Pangelinan v. F. Randall Cunliffe as Trustee of the Dongo Trust*
Page **5** of **5**